# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY D. PETERSON HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-449-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Cody D. Peterson Hernandez requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

For persons under the age of eighteen, disability according to the Social Security Act is defined as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.906. Social security regulations prescribe a sequential three-step process

for evaluating a claim for supplemental security income benefits for a minor under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v.Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that her son is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires the claimant establish that her son has a severe impairment or combination of impairments. If the claimant's son is engaged in substantial gainful activity or does not have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, he is considered not disabled. At step three, the claimant's son's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A minor suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled. *See* 20 C.F.R. § 416.924(a)-(d)(2).

**Background and Procedural History**

The claimant was born on May 3, 1993 and was sixteen years old at the time of his hearing before the ALJ.  The claimant alleges that he has been disabled because of comprehension learning disorder, bipolar disorder, and attention deficit hyperactivity disorder (ADHD) since May 3, 1993, and applied on June 25, 2008 for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385.  After the application was denied, ALJ Osly F. Deramus conducted an administrative hearing and determined that claimant was not disabled in a written opinion dated March 30, 2010.  The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation. The ALJ determined that the claimant was not engaged in substantial gainful activity and had severe impairments of Attention Deficit Hyperactivity Disorder (ADHD) and depressive disorder. (Tr. 10).  However, he found neither of these impairments, either singly or in combination, medically or functionally met the listings.  The ALJ accordingly concluded that the claimant was not disabled. (Tr. 19).

**Review**

The claimant contends that the ALJ erred by: (i) failing to properly analyze the "other source" opinion of his counselor, Donna Wimmer-Steves, M.S., L.P.C., L.B.P., in

analyzing whether the claimant's severe impairments functionally met one of the listing in the Listing of Impairments.  The Court finds merit in this contention.

At step three in a childhood disability case, the ALJ must determine whether the impairments or combination of impairments medically equal or functionally equal the listings.  *See Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001).  If a child does not meet or medically equal a listing, the ALJ must then determine whether the child functionally equals the listing.  *See* 20 C.F.R. § 416.926a(a).  Functional equivalency means that the impairment results in marked limitations in two domains of functioning or an extreme limitation in one domain.  *Id*.  These domains include: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and, (vi) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1)(i)-(iv).  When the ALJ determines there is a marked limitation in one of the six domains, he has found the limitation seriously interferes with the "ability to independently initiate, sustain, or complete activities."  *Id*. § 416.926a(e)(2)(i).  An extreme limitation interferes very seriously with a child's ability to do these things.  *Id*. § 416.926a(e)(3)(i).  Consideration of functional limitations includes information of functioning such as reports of classroom performance and observations from others and may include evidence of formal testing.  *Id*. § 416.926a(e)(1)(i-ii).

Donna Wimmer-Steves, claimant's counselor at Carl Albert Community Mental Health Center, submitted a Mental Impairment Questionnaire on September 14, 2009.

Ms. Wimmer-Steves began seeing claimant weekly for a duration of 45-90 minutes each session on January 22, 2007. (Tr. 252). She wrote that he had ADHD, impulse control disorder, and mood disorder and assessed his GAF to be 55 at the time of her opinion. (Tr. 252). The claimant's signs and symptoms included mood disturbance, emotional lability, anhedonia or pervasive loss of interests, feelings of guilt/worthlessness, difficulty thinking or concentrating, decreased energy, and hostility and irritability. (Tr. 252). With regard to his functional limitations, Ms. Wimmer-Steves found that while the claimant had no restriction of activities of daily living, he nonetheless had marked limitations in maintaining social functioning, frequent problems with concentration, persistence, or pace, and three or more episodes of deterioration. (Tr. 254).

Soc. Sec. R. 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007)[internal quotations omitted]. Following his analysis of the six domains, the ALJ mentions Ms. Wimmer-Steves' opinion briefly but fails to provide any actual analysis of the opinion. Ms. Wimmer-Steves is a an "other source" under applicable regulations, *see* C.F.R. § 20 C.F.R. § 404.1513(d), and while her opinion is not

establish the *existence* of an illness or impairment, it *is* relevant in terms of evaluating the *severity* of the illness or impairment.  *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "'on key issues such as impairment severity and functional effects'" and by considering the 20 C.F.R. §§ 404.1527, 416.927 factors in determining the weight of these opinions), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *3-4.  Even though the ALJ was not required to adopt or assign controlling weight to Dr. Wimmer-Steves' opinion, he was still required to analyze it in accordance with the factors set out in 20 C.F.R. § 416.927. *Frantz*, 509 F.3d at 1302 (noting that SSR 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.") [internal quotations omitted].

     The Commissioner argues that any error by the ALJ in failing to properly evaluate Ms. Wimmer-Steves' opinion was harmless because the opinion would have no effect on the ultimate outcome of the case.  The Court disagrees; in at least one particular domain, Ms. Wimmer-Steves' opinion was entirely consistent with the other evidence in the case, *i. e.*, with regard to the domain of attending and completing tasks.  For example, the

claimant's teacher, Mr. Richard Little, testified that the claimant had significant problems in areas related to the domain of attending and completing tasks, including completing class homework assignments, ability to carry out multi-step instructions, changing from one activity to another without being disruptive, and working at a reasonable pace to finish tasks on time (Tr. 35), and the state examining physician wrote that the claimant's test results indicated "poor attention, concentration, and possible ADHD" (Tr. 226).  But Ms. Wimmer-Steves added that the claimant had frequent problems with concentration, persistence, or pace, and three or more episodes of deterioration.  The Court thus finds that the ALJ should have considered Ms. Wimmer-Steves' opinion in discussing evidence related to each domain of functioning, and thus declines to adopt the Commissioner's attempt at *post hoc* rationalization for the ALJ's lack of analysis. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].  *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

     Because the ALJ's failed to evaluate the "other source" opinion of the claimant's counselor, Donna Wimmer-Steves, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis as outlined above.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma